Tracy Lynn TERRY, Appellant,

v.

The STATE of Texas, Appellee.

No. 025–84.

Court of Criminal Appeals of Texas,
En Banc.

June 26, 1985.

W.A. Keils, Jr., Teague, for appellant.

Robert W. Gage, County Atty., Fairfield,
Robert Huttash, State's Atty., Austin, for
the State.

OPINION ON APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

A jury convicted appellant of murder as authorized by the court's charge that appellant:

> either acting alone or with another, Milton Stroud, as a party to the offense, ... did cause the death of an individual, ... by shooting her with a .22 caliber firearm or beating her in the head with a pipe wrench or smothering her by placing a plastic bag over [her] face ...[1]

The jury assessed punishment at ten years' confinement. On appeal appellant sought to have the judgment reformed by deletion of the trial court's affirmative finding "that a deadly weapon to-wit: a firearm was used in the commission of the offense, ..." The Waco Court of Appeals held that the jury was justified by the evidence in determining that appellant caused the death of the victim by using a deadly weapon in any of the three ways included in the charge to the jury. But, the court said the general verdict of "guilty" rendered by the jury did not permit a specific finding that the deadly weapon was a firearm. *Terry v. State*, 672 S.W.2d 236 (Tex.App. Waco—1983). The court reformed the judgment by deleting the words "to-wit: a firearm," and left intact the affirmative finding "that a deadly weapon was used in the commission of the offense." We granted appellant's petition for discretionary review to review the court of appeals' holding that the jury's general verdict amounted to an affirmative finding that appellant used a deadly weapon in the commission of the offense. We also granted review to consider appellant's contention, rejected by the court of appeals, that Art. 42.12, Sec.

---

1. The indictment contained four counts: the first count alleged, in the conjunctive, that appellant caused the death of the victim by all three means listed above; the remaining three counts separately alleged each one of the three means of causing death.

3f(a)(2), V.A.C.C.P.[2] applies only to a defendant who actually and personally used or exhibited a deadly weapon, and not to a defendant who is a party to the offense, but who does not himself use or exhibit a deadly weapon.

Our recent opinion in *Travelstead v. State*, 693 S.W.2d 400 (1985) controls the disposition of the instant case. In *Travelstead* we held that Art. 42.12, Sec. 3f(a)(2) means that the defendant, himself, must use or exhibit a deadly weapon during the commission of a felony or flight therefrom:

> When a defendant is a party, as defined in Sections 7.01 and 7.02 of the Penal Code, to the use or exhibition of a deadly weapon, there must be a specific finding by the trier of facts that the defendant himself used or exhibited the deadly weapon.

*Travelstead* at 402.

In the instant case the court's charge to the jury stated that appellant committed murder as a party—"either acting alone or with another." The jury found appellant "guilty of the offense of murder." No specific finding was made by the jury as the trier of fact, that appellant, herself, used or exhibited the weapon. See *Polk v. State*, 693 S.W.2d 391 (1985). The judgment of the trial court is reformed by deleting the affirmative finding "that a deadly weapon was used in the commission of the offense." [3]

The Clerk of this Court is directed to send a copy of this opinion to the Texas Department of Corrections.

2. Art. 42.12, Sec. 3f(a)(2) states:
(a) The provisions of Sections 3 and 3c of this Article do not apply: . * * * * *
(2) to a defendant when it is shown that the defendant used or exhibited a deadly weapon as defined in Section 1.07(a)(11), Penal Code, during the commission of a felony offense or during immediate flight therefrom. Upon affirmative finding that the defendant used or exhibited a deadly weapon during the commission of an offense or during immediate flight therefrom, the trial court shall enter the finding in the judgment of the court. Upon an affirmative finding that the deadly weapon the defendant used or exhibited was a firearm, the court shall enter that finding in its judgment.

3. Because of our disposition of this ground of error, we need not address appellant's other contentions regarding the affirmative finding of a deadly weapon.