Henry MENA, Appellant,

v.

The STATE of Texas, Appellee.

No. 4–87–00036–CR.

Court of Appeals of Texas,
San Antonio.

April 29, 1988.

Jacquelyn Snyder, San Antonio, for appellant.

Fred G. Rodriguez, Fernando Ramos, Anthony Miller, Barbara Hervey, Criminal Dist. Attys., San Antonio, for appellee.

Before REEVES, DIAL and CHAPA, JJ.

CHAPA, Justice.

### OPINION

The opinion dated March 16, 1988 is withdrawn and the following opinion is the opinion of this court.

Appellant, Henry Mena, Jr., was convicted by a jury of murder. The court sentenced appellant to life imprisonment. We affirm the conviction.

The issues before us are:

1) whether the judgment improperly reflects an affirmative finding that a deadly weapon was used;

2) whether the trial court committed reversible error in failing to instruct the jury that the State has the burden of proof; and

3) whether the trial court committed reversible error by including within the definition of the mental states "intentionally" and "knowingly" definitions applicable to appellant's conduct.

The record reflects that on April 20, 1986, the decedent, Hiram Galan, was visiting some friends outside their house when appellant and a co-defendant, Dagoberto Nevarez, arrived in a car. Both appellant and Nevarez were carrying shotguns as they got out of the vehicle. Appellant shot the decedent in the leg, and as the decedent

attempted to get back to his feet, Nevarez shot him in the head.

In the first point of error, appellant contends that the judgment improperly reflects an affirmative finding that a deadly weapon was used.

Mena was indicted for murder. The indictment reads as follows:

... on or about the 20TH day of APRIL, A.D., 1986, HENRY MENA, JR., hereinafter called defendant, did then and there intentionally and knowingly cause the death of an individual HIRAM GALAN, hereinafter called complainant, by SHOOTING THE SAID COMPLAINANT WITH A FIREARM ...

After the close of evidence, the trial court charged the jury. The charge included a law of parties charge. The jury found appellant guilty as charged in the indictment. The jury, however, did not make a specific finding that appellant, himself, used or exhibited a deadly weapon. After the court assessed punishment, the court added the following statement to the judgment; "The said defendant used or exhibited a deadly weapon during the commission of the murder."

■ Appellant cites *Travelstead v. State*, 693 S.W.2d 400 (Tex.Crim.App.1985) (en banc) and *Terry v. State*, 692 S.W.2d 496 (Tex.Crim.App.1985) (en banc) in support of his argument that the affirmative finding was improperly entered in the judgment. In *Travelstead*, the Court of Criminal Appeals held that TEX.CODE CRIM. PROC.ANN. Art. 42.12, § 3g(a)(2) (Vernon Supp.1988)[1] means that the defendant, himself, must use or exhibit a deadly weapon during the commission of a felony or flight therefrom. *Terry v. State*, 692 S.W. 2d at 497.

When a defendant is a party, as defined in Sections 7.01 and 7.02 of the Penal Code, to the use or exhibition of a deadly weapon, there must be a specific finding by the trier of facts that the defendant himself used or exhibited the deadly weapon.

*Terry v. State*, 692 S.W.2d at 497, citing, *Travelstead.* Since the jury did not make a specific finding in the instant case, appellant argues that the judgment improperly reflects the affirmative finding of a deadly weapon.

Appellant's reliance on *Travelstead* and *Terry* is misplaced. In each of those cases, the jury was the trier of fact at both the guilt and punishment phases of the trial. In the instant case, the trial court assessed punishment. As the trier of fact at the punishment hearing, the trial court had the authority to add the affirmative finding to the judgment if the facts showed and he believed that appellant himself used or exhibited a deadly weapon during the commission of the offense. *Flores v. State*, 690 S.W.2d 281, 283 (Tex.Crim.App.1985) (en banc). The point of error is overruled.

In the second point of error, appellant contends that the trial court committed reversible error in failing, over appellant's timely objection, to instruct the jury that the burden of proof is on the State.

■ There was no specific instruction on burden of proof in the jury charge. However, when the court came to apply the law to the facts, the jury was instructed to find the defendant not guilty unless they found him guilty beyond a reasonable doubt. The jury charge also charged on the presumption of innocence. These instructions have been held to be a sufficient charge on the State's burden of proof. *Humphries v. State*, 163 Tex.Crim. 601, 295 S.W.2d 218, 220 (1956). Where the trial court fails to include an instruction specifically stating that the State has the burden of proof, there is no reversible error if the charge, when read as a whole, adequately informs the jury that the State has the burden of proof on each element of the offense. *Simpson v. State*, 709 S.W.2d 797, 799 (Tex.App.—Fort Worth 1986, pet. ref'd). We hold that in reading the charge as a whole the jury was adequately instructed on the State's burden of proof.

■ Further, after examining the entire record, we conclude that error, if any, was

1. Formerly TEX.CODE CRIM.PROC.ANN. Art. 42.12, § 3f(a)(2).

harmless. *See Almanza v. State*, 686 S.W. 2d 157, 171 (Tex.Crim.App.1985) (en banc). During the *voir dire* examination and the closing arguments, the jury was told by both the court and the attorneys that the burden of proof was on the State. The record reflects the following:

THE COURT: Now, the Defendant comes into court presumed to be innocent. The two Defendants are each presumed to be innocent and the burden of proof is on the State to prove their guilt beyond a reasonable doubt....

MR. RAMOS: (prosecutor) Now the law says—and it is a good law. The constitution [sic] says that a person does not have to testify in his own behalf. The State has to prove everything. The State must take you from not knowing anything to a position of whatever it is for you beyond a reasonable doubt....

MR. SAENZ: (attorney for appellant) ... any defendant in a criminal case here in Texas or, as a matter of fact, in the whole United States, is presumed to be innocent.

All that is saying is that the State, the one making the accusation, has the burden to come forward and present evidence to show the triers of fact, in this case the jury—to show that what they say is true....

MR. LUNA: (attorney for Nevarez): Let me talk about something that came up. We are saying this term "He is presumed to be innocent." It is the burden of the State to find him guilty. It is not your burden to find him innocent. Innocent is a heavier standard. If they don't prove him guilty, if you have a reasonable doubt, then he is not guilty. You don't have to find that he is innocent, just that the State failed to prove one of its major elements ...

\* \* \* \* \* \*

You are to determine whether the State proved them guilty or else find them not guilty. The State has the burden to prove them guilty beyond a reasonable doubt or else they are not guilty ...

The point of error is overruled.

■ In the final points of error, appellant contends that the trial court committed reversible error in the jury charge by including within the definition of the culpable mental states of intentionally and knowingly a definition applicable to appellant's conduct.

The jury charge contained the following definitions of intentionally and knowingly:

A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

Appellant, citing *Alvarado v. State*, 704 S.W.2d 36 (Tex.Crim.App.1985) (en banc), argues that when an offense requires that the culpable mental state accompany the result of the conduct, rather than the nature of the conduct, it is reversible error to include within the definition of intentionally and knowingly a definition applicable to the actor's conduct rather than the particular result. The State concedes that murder and other assaultive offenses are similar to the offense involved in *Alvarado* in that each is categorized as an offense which requires that a culpable mental state be associated with the intended result. Nevertheless, the State argues, *Alvarado* is distinguishable from the instant case. We agree.

In *Alvarado*, the appellant was convicted of injury to a child. Because the appellant claimed throughout the trial that she was not aware that the bath water was hot enough to cause severe injury to the child, the issue of appellant's culpability was con-

tested. Appellant accordingly requested that the trial court limit the definitions of the culpable mental states to that which relates in each to the result of the offense. The trial court denied these charges. In his final argument to the jury, the prosecutor compounded the error by reminding the jury that a finding that appellant had engaged in the conduct of placing the child in hot water intentionally or knowingly was sufficient for a conviction.

In the instant case, appellant made no objection to the definition of intentionally or knowingly. Appellant presented no defense which would directly effect an assessment of his conduct, *i.e.* that he intentionally or knowingly shot or shot at the decedent, but that he did not intend the result. Furthermore, the prosecutor did not compound the error by relying on the erroneous definition in his final argument. After examining the entire record, we find that egregious harm has not been shown. *Almanza v. State*, 686 S.W.2d at 171. The points of error are overruled.

The judgment is affirmed.