**William C. WALLACE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–88–00189–CR.**

Court of Appeals of Texas,
San Antonio.

Jan. 25, 1989.

Jacquelyn L. Snyder, San Antonio, for appellant.

Fred G. Rodriguez, Margaret Embry, Therese Huntzinger, Barbara Hervey, Criminal Dist. Attys., San Antonio, for appellee.

Before BUTTS, BIERY and CARR, JJ.

## OPINION

BIERY, Justice.

This is an appeal from a conviction of murder in a trial by jury. In his sole point of error, appellant contends the trial court reversibly erred by including within the charge definitions of "intentionally" and "knowingly" pertaining to the nature of appellant's conduct.

Murder is an offense which requires that the culpable mental state accompany the result of the conduct, rather than the nature of the conduct. A charge which defines "intentionally" and "knowingly" as they relate to the nature of the conduct as well as the result of the conduct is error. *Alvarado v. State*, 704 S.W.2d 36, 37 (Tex. Crim.App.1985).

Appellant did not object to the charge; therefore appellant must claim fundamental error and show egregious harm, i.e., he was denied a fair and impartial trial. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984). The degree of harm must be determined in light of the entire jury charge, the state of the evidence, including contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record. *Id.*

On Sunday, August 3, 1986, appellant arrived at the home of the decedent, Frank Robles, Jr. Robles went outside to talk to appellant, where they talked for approximately twenty minutes near the car. After their conversation, in which no struggle was seen, appellant sat in the car with the door open and held a shotgun in his hands. Robles was shot. After the shooting, appellant and the driver left.

Robles' wife, Rosalinda Gomez, inside the house, was the only witness to the shooting. Ms. Gomez testified that she had seen appellant talking to Robles at a party at Robles' residence the preceding night. She had seen appellant briefly two times before the party. According to Jesse Torres, Frank Robles' brother-in-law who was at the Robles' residence but did not see the shooting, Robles told Torres after the shooting, "William shot me."

Frank Robles, Jr.'s father introduced a note which he said was written by his son while in the hospital after the shooting. The note said, "He wanted me to help him shoot somebody. And then I told him no, and he called me a pussy, so then he shot me so that I would not tell anybody." Frank Robles, Jr. died September 7, 1986.

The charge of the court read in part as follows:

### I.

A person commits the offense of murder if he intentionally or knowingly causes the death of an individual.

### II.

... A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly or with knowledge with respect to a result of his conduct when he when he is aware that his conduct is reasonably certain to cause the result.

### III.

Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant, William C. Wallace, did, in Bexar County, Texas, on or about the 3rd day of August, 1986, intentionally or knowingly cause the death of an individual Frank Robles by shooting the said Frank Robles with a gun, you will find the defendant guilty of murder as charged in the indictment.

This court in *Mena v. State*, 749 S.W.2d 639, 642–43 (Tex.App.—San Antonio 1988, pet. ref'd) addressed a similar contention by the appellant and found that *Alvarado v. State, supra,* was distinguishable from the facts in *Mena.* We believe that *Alva-*

*rado v. State, supra,* likewise is distinguishable from the instant case.

In the instant case, appellant made *no objection to the definition of intentionally or knowingly.* Appellant presented no defense which would directly affect an assessment of his conduct, i.e., that he intentionally or knowingly shot or shot at the decedent but that he did not intend the result. Furthermore, the prosecutor did not compound the error by relying on the erroneous definition in his final argument as did the prosecutor in *Alvarado. See Alvarado,* 704 S.W.2d at 37.

The use of a deadly weapon by an accused constitutes conduct of that accused. A shotgun is a deadly weapon per se. *Ex Parte Franklin,* 757 S.W.2d 778, 781 (Tex. Crim.App.1988). The record herein reflects appellant used a shotgun in his crime against the deceased. Thus, the appellant's intent to kill the deceased can be inferred from his use of the shotgun.

It was not reversible error herein to give the full statutory definitions of intentionally and knowingly where the court's charge required the jury to find the requisite intent to cause the result (death), and the evidence supports that conclusion.

The appellant's sole point of error is overruled and the judgment of the trial court is affirmed.