In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00085-CR

                                                ______________________________

 

 

                       EDUARDO GARDUNO HERNANDEZ,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 123rd
Judicial District Court

                                                             Panola County, Texas

                                                       Trial Court
No. 2008-C-0283

 

                                                   
                                               

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                        Opinion by Justice Moseley








                                                                   O P I N I O N

 

            Eduardo
Garduno Hernandez was sentenced to ten years’ imprisonment following his
conviction for aggravated kidnapping while using or exhibiting a deadly weapon.
 Tex.
Penal Code Ann. § 20.04(b) (Vernon 2003).  Hernandez argues that the evidence is legally
insufficient[1]
to support his conviction because the undisputed evidence demonstrates that the
weapon alleged in his indictment to have been employed was a toy, which was
neither used nor intended to be used as a deadly weapon.  We agree with Hernandez and, therefore, modify
the judgment to reflect his conviction of the lesser-included offense of
kidnapping.  Tex. Penal Code Ann. § 20.03 (Vernon 2003).  Because of the modification, we must reverse
the punishment phase of the trial and remand for a new trial on
punishment.  

I.          Factual and Procedural
History 

            As Angela Bush sat
in her bed, working on her laptop computer beside her sleeping husband, a masked intruder stole into her
bedroom and watched.  When she “closed
the lid, that’s when the gun came across the top of the computer just right in
my face.  And I screamed really loud.”  Bush’s husband, who suffers from paralysis,
was instantly awakened by his wife’s scream and “tri[ed] to sit up and get in
front of” her, but was “helpless.”  The
intruder threatened the terrified couple with the gun for over three hours
before finally leaving, stealing $299.00 in cash, a blank check, and several
pain pills from the couple.  As soon as
their tormenter left, Bush ran for the telephone and dialed 9-1-1, describing
the intruder to the emergency operator as a male with his face painted and
wearing a red bandana. 

            Officer
Hilton Wayne Poindexter arrived at the Bush home, secured the perimeter, and
began to search for the intruder by “searching the county roads or the
different roads in and around the residence.” 
A man on the side of a road attracted Poindexter’s attention and
reported sighting a male accessorized with face paint, a toboggan, red
bandanas, gloves, and a gun.  Poindexter
found Hernandez (who admitted to possessing a gun) in this bizarre
disguise.  During Hernandez’s arrest,
Poindexter recovered from him the Bushes’ money, their blank check, and a
realistic-looking toy gun, which bore the words “Made in China” on one side and
“Yesheng Toys” on the other. 

            The State’s
indictment alleged Hernandez committed aggravated kidnapping in that he

did then and there intentionally or knowingly
abduct Angela Bush, by restricting the movements of said Angela Bush, without
[her] consent so as to interfere substantially with her liberty by confining
her with intent to prevent her liberation, by using or threatening to use
deadly force, namely by displaying a pistol, and the defendant did then and
there use or exhibit a deadly weapon, to-wit:  a pistol, during the commission of said offense
. . . . 

 

            Hernandez
claims the evidence is legally insufficient to demonstrate that he used or
exhibited a deadly weapon during the commission of the offense.  We agree. 

II.        Standard
of Review

            In evaluating a legal sufficiency challenge,
we apply the Jackson standard as explained in Brooks.  

[T]he relevant question is whether, after viewing the evidence in the
light most favorable to the prosecution, any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt.


 

Jackson, 443 U.S. at 319. 

            Here,
we consider the evidence in the light most favorable to the verdict to
determine whether any rational jury could have found the essential elements of
aggravated kidnapping beyond a reasonable doubt.  Sanders v. State, 119 S.W.3d 818, 820
(Tex. Crim. App. 2003).  Legal
sufficiency is measured by the elements of the offense as defined by a
hypothetically-correct jury charge.  Malik
v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); see also Grotti v.
State, 273 S.W.3d 273, 280 (Tex. Crim. App. 2008).   

            Under
a hypothetically-correct charge in this case, the jury was required to find,
beyond a reasonable doubt, that Hernandez “intentionally or knowingly
abduct[ed] another person and use[d] or exhibit[ed] a deadly weapon during the
commission of the offense.”  Tex. Penal Code Ann. § 20.04(b) (Vernon
2003).  

III.       The
Toy Gun Was Not a Deadly Weapon in this Case 

            It is undisputed that the “gun” used
in the commission of the offense was not a gun but, rather, a toy.[2]  Under the Texas Penal Code, a deadly weapon
is “(A) a firearm or anything manifestly designed, made, or adapted for the
purpose of inflicting death or serious bodily injury; or (B) anything that in
the manner of its use or intended use is capable of causing death or serious
bodily injury.”  Tex. Penal Code Ann. § 1.07(17) (Vernon Supp. 2010).  Since this toy gun was not designed for and
could not be adapted for the purpose of infliction of death or bodily injury,
the State relies on subpart B of the deadly weapon definition. 

            Objects
that are not usually considered dangerous weapons may become so, depending on
the manner in which they are used during the commission of an offense.  Thomas v. State, 821 S.W.2d 616, 620
(Tex. Crim. App. 1991).  There are myriad
items not designed as weaponry which––by their use––the courts of this State
have deemed to have been employed as deadly weapons.[3]  The State cites to testimony from Poindexter
and Officer Ronnie Wesley Endsley that the toy is a hard plastic replica with
sharp edges.  “Being hard plastic, it
could really do a number on them.”[4]  Although light in weight, they believed the
gun could be used to hit Bush about the face and eye, and concluded it was a
deadly weapon capable of causing bodily injury. 

            However,
“[c]apability is evaluated based on the circumstances that existed at the time
of the offense.”  Drichas v. State,
175 S.W.3d 795, 799 (Tex. Crim. App. 2005). 
The toy gun was neither used to strike Bush, nor was there any evidence
suggesting either that Hernandez threatened to use or intended to use the toy
in that manner.  There was no testimony
from either Bush or her husband that Hernandez raised the gun as if he would
strike them or otherwise threatened to strike them with the gun.  Bush and her husband indicated only that
Hernandez pointed the gun at them as if he was going to shoot them with (what
eventually turned out to be a toy) gun. 
Because the use and manner of intended use (i.e., pointing and
threatening as if to shoot) was not a use of the toy capable of causing serious
bodily injury or death, we find such evidence was legally insufficient to allow
a jury to infer the toy was a deadly weapon. 
Cortez v. State, 732 S.W.2d 713, 715 (Tex. App.––Corpus Christi
1987, no pet.) (testimony regarding use of “pistol” insufficient where the “pistol”
was toy).  We sustain Hernandez’s point
of error. 

            The
State urges this Court to reform the trial court’s judgment to reflect a
conviction for kidnapping.   Where, as
here, the jury charge includes a lesser-included offense, we may modify a
judgment of conviction to reflect conviction of the lesser-included offense if
we find that the evidence is legally sufficient to support the lesser-included
offense, but insufficient to support conviction of the offense for which the
defendant was convicted.  Herrin v.
State, 125 S.W.3d 436, 443–45 (Tex. Crim. App. 2002); Lackey v. State,
290 S.W.3d 912, 920 (Tex. App.––Texarkana 2009, pet. ref’d).  Kidnapping is a lesser-included
offense of aggravated kidnapping.  Schweinle v. State,[5] 915
S.W.2d 17, 19 (Tex. Crim. App. 1996) (per curiam); Ex parte Gutierrez, 600 S.W.2d 933, 935 (Tex. Crim. App.
1980); see Tex. Penal Code Ann. § 20.03 (Vernon Supp. 2009).  We examine the evidence to determine whether
it was legally sufficient to establish a conviction for kidnapping.  

            A
person commits the offense of kidnapping if he intentionally or knowingly
abducts another person.  Tex. Penal Code Ann. § 20.03(a).  “‘Abduct’ means to restrain a person with intent to
prevent his liberation by:  (A) secreting
or holding him in a place where he is not likely to be found; or (B) using or
threatening to use deadly force.”  Tex. Penal Code Ann. § 20.01(2) (Vernon
Supp. 2010).  Since Bush was restrained[6] in her
home, a place where she was likely to be found, in order to convict of
aggravated kidnapping, the State was required to prove that Hernandez used or
threatened to use “deadly force, namely by displaying a pistol” as charged in
the indictment.  Once alleged, the quoted
portion of the indictment had to be proved. 
Curry v. State, 30 S.W.3d 394, 405 (Tex. Crim. App. 2000).   

            There
is no evidence in the record that Hernandez actually used deadly force.  On the other hand, Hernandez aimed the ersatz
pistol in a manner which suggested that he was threatening to shoot.  Bush was unaware that the thing being pointed
at her was a toy, but truly believed the object to be a real gun; she testified
that she was afraid for her life.  This
is evidence, which a rational jury could consider, supporting a finding that
Hernandez threatened to use deadly force by displaying a pistol.[7]  We find the evidence was legally sufficient
to show that Hernandez restrained Bush with intent to prevent her liberation by
threatening to use deadly force.  With
this finding, we modify the trial court’s judgment to reflect the
conviction of Hernandez of the lesser-included offense of kidnapping.  We affirm the trial court’s judgment as
modified and remand for a new trial only on the issue of punishment.  Tex. R. App. P. 21.9.  

IV.       Conclusion


            We modify the trial court’s judgment
to reflect conviction of the lesser-included offense of kidnapping.  We affirm the judgment of conviction as
modified.  The judgment on punishment is
reversed, and we remand the case to the trial court for a new trial on punishment.


 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          October 25, 2010

Date Decided:             December 3, 2010

 

Publish

 

 

OPINION
ON REHEARING

 

            In
the above-captioned case, we modified the aggravated kidnapping conviction of
Eduardo Garduno Hernandez to reflect conviction of the lesser-included offense
of kidnapping and remanded the case to the trial court for a determination of
the punishment for that offense.

            The
State of Texas has moved that we rehear the matter and confirm the conviction
of Hernandez.[8]  In its motion, the State points out that the
ten-year sentence which Hernandez received is within the punishment range of
kidnapping, a third-degree felony (which has a penalty range of imprisonment
for a term of not less than two or more than ten years, plus a fine not to
exceed $10,000.00).  Tex. Penal Code Ann. § 20.03(c) (Vernon
2003).

            Although
we understand the logic employed by the State, this is an action which we
cannot take.  Despite the fact that the
punishment previously meted out to Hernandez at trial on his conviction for
aggravated kidnapping (a first-degree felony) falls within the permissible
range of punishment for kidnapping (a third-degree felony), we cannot assume
that the trial court would assess the same punishment on the conviction of a
third-degree felony as it would on the conviction of a first-degree felony.  Lockett v. State, 874 S.W.2d 810, 818
(Tex. App.––Dallas 1994, pet. ref’d); see Jones v. State, 300 S.W.3d 93, 101 (Tex.
App.––Texarkana 2009, no pet.); Garrett v. State, 161 S.W.3d 664,
672 (Tex. App.––Fort Worth 2005, pet. ref’d).

            We
deny the motion for rehearing.

 

 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date:   December
29, 2010

 

Publish











[1]Hernandez
also argues the evidence was factually insufficient to support his conviction. With
Judge Cochran joining the lead opinion, authoring a concurring opinion, and
Judge Womack concurring with the lead opinion and joining the concurrence, in Brooks
v. State, No. PD-0210-09, 2010 WL 3894613, at **1, 14 (Tex. Crim. App. Oct.
6, 2010) (4-1-4 decision), a plurality of the Texas Court of Criminal Appeals
abolished the factual sufficiency review established by Clewis v. State,
922 S.W.2d 126 (Tex. Crim. App. 1996), and its progeny.  The plurality and Judge Womack agreed that
the Jackson v. Virginia legal sufficiency standard is the only standard
that a reviewing court should apply in determining whether the evidence is
sufficient to support each element of a criminal offense that the State is
required to prove beyond a reasonable doubt. 
Brooks, 2010 WL
3894613, at **1, 14.  Since the Texas
Court of Criminal Appeals has abolished factual sufficiency review, we need not
address the defendant’s challenge(s) to the factual sufficiency of the
evidence.





[2]All
witnesses testified that the toy gun was the one used during the commission of
the offense.  





[3]Stanul v. State, 870 S.W.2d 329 (Tex. App.––Austin
1994, pet. dism’d, pet. ref’d [2 pets.]) (defendant used floor as deadly weapon
by striking victim’s head against it); Lozano
v. State, 860 S.W.2d 152 (Tex. App.––Austin 1993, pet. ref’d) (defendant
used lighter as deadly weapon by using it to start a fire); Enriquez v. State, 826 S.W.2d 191 (Tex.
App.––El Paso 1992, no pet.) (defendant used soft drink bottle as deadly weapon
by striking victim with it); Escobar v.
State, 799 S.W.2d 502 (Tex. App.––Corpus Christi 1990, pet. ref’d)
(baseball bat used to bludgeon victim constituted deadly weapon); Cooper v. State, 773 S.W.2d 749 (Tex.
App.––Corpus Christi 1989, no pet.) (defendant used hands as a deadly weapon by
dropping infant to floor); Rice v. State,
771 S.W.2d 599 (Tex. App.––Houston [14th Dist.] 1989, no pet.) (defendant used
gasoline as deadly weapon by pouring it over victim and igniting it); Johnson v. State, 770 S.W.2d 72 (Tex. App.––Texarkana
1989) (defendant used hands and feet as deadly weapons by beating and kicking
victim to death), aff’d, 815 S.W.2d
707 (Tex. Crim. App. 1991); Roberts v.
State, 766 S.W.2d 578 (Tex. App.––Austin 1989, no pet.) (defendant used
truck as deadly weapon in colliding with car, injuring and killing occupants); Harper v. State, 753 S.W.2d 516 (Tex. App.––Houston
[1st Dist.] 1988, pet. ref’d) (defendant used rope or cord as deadly weapon by
tying it around victim’s neck, restricting her breathing); Shockley v. State, 747 S.W.2d 470 (Tex. App.––Houston [1st Dist.]
1988, no pet.) (defendant used fabric or hands as deadly weapon by strangling
victim); Cervantes v. State, 706
S.W.2d 685 (Tex. App.––Houston [14th Dist.] 1986, no pet.) (defendant used
board as deadly weapon by striking victim with it); Garza v. State, 695 S.W.2d 726 (Tex. App.––Dallas 1985) (by placing
broken metal belt buckle in his hand when striking at officer, defendant used
the belt buckle as deadly weapon), aff’d,
725 S.W.2d 256 (Tex. Crim. App. 1987); Terry
v. State, 672 S.W.2d 236 (Tex. App.––Waco 1983) (defendant used plastic bag
as weapon by placing it over victim’s head, suffocating her), rev’d in part on other grounds, 692
S.W.2d 496 (Tex. Crim. App. 1985).

 





[4]The
officers also testified that Bush’s husband was on blood thinner, and if hit
with the gun, could endure a lot of bleeding, causing serious bodily injury or
death.  Because Hernandez was not
indicted for commission of any crime against Bush’s husband, we need not
consider this evidence. 





[5]At
the time the Texas Court of Criminal Appeals decided the Schweinle case, the offense now known as unlawful restraint was
called “false imprisonment.”  See Schweinle,
915 S.W.2d at 19.

 





[6]“’Restrain’
means to restrict a person’s movements without consent, so as to interfere
substantially with the person’s liberty, . . . by confining the person.”  Tex. Penal Code Ann. § 20.01(1)
(Vernon Supp. 2010).  





[7]See Gallagher
v. State, No. 05-06-01010-CR, 2007 WL 3105642, at **1–2 (Tex. App.––Dallas
Oct. 25, 2007, no pet.) (not designated for publication) (finding defendant
threatened deadly force by using a soft-pellet air pistol in a manner in which
victim feared for her life).  Although
this unpublished case has no precedential value, we may take guidance from it “as
an aid in developing reasoning that may be employed.”  Carrillo
v. State, 98 S.W.3d 789, 794 (Tex. App.––Amarillo 2003, pet. ref’d).





[8]Although
the argument seems to follow the rationale that the State seeks to maintain the
finding of guilt concerning kidnapping as modified on appeal and impose a
ten-year sentence for that crime, the State pleads that the “conviction and
sentence should be in all things confirmed.”