

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00118-CR

JADE GUEVARA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 144th District Court
Bexar County, Texas
Trial Court No. 2020CR1579B, Honorable Michael E. Mery, Presiding

January 30, 2024

## MEMORANDUM OPINION ON MOTION FOR REHEARING

Before QUINN, C.J., and PARKER and DOSS, JJ.

We grant appellant's motion for rehearing, withdraw our memorandum opinion of January 22, 2024, and substitute this in its stead. Jade Guevara appeals his conviction for capital murder via three issues. We affirm in part and vacate in part.

### Issues One and Two

Appellant's first two issues implicate his Fifth Amendment right against double jeopardy. Here, two deaths were involved, those of Krone and Campos. The State accused appellant of killing both individuals via one count for capital murder and two

separate counts of murder. Though the jury found him guilty of all three counts, the trial court sentenced and convicted appellant of only capital murder. Yet, appellant argues the following: "The indictment states only one allowable unit of prosecution, so the Appellant can be convicted of only one offense. The Fifth Amendment double jeopardy protection against multiple punishments was violated, and the Appellant suffered harm. Given this double jeopardy violation, the remedy is to vacate the judgment for Count Two [and Three]."

Despite the trial court only orally convicting and pronouncing sentence against appellant for capital murder, appellant correctly argues that it signed three judgments. One memorialized the conviction and sentence for capital murder and the other two purportedly memorialized a conviction and sentence for the individual murders of Krone and Campos. The State concedes that the two individual convictions for murder must be vacated under principles of double jeopardy. We sustain the issues and vacate the individual convictions for murder.

### Issue Three

Via his third and last issue, appellant questions whether the trial court erred by permitting the jury to convict him "without finding the necessary intent for capital murder." This purportedly occurred when it included within the abstract portion of its charge an instruction on conspiracy under § 7.02(b) of the Texas Penal Code. The latter provides the following:

> [i]f, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the

2

conspiracy. In this subsection, "conspiracy" means an agreement between two or more persons to commit a felony.

TEX. PENAL CODE ANN. § 7.02(b). The abstract instruction tracked that language. And, the portion referring to "though having no intent to commit it," relieved the jury from having to find that appellant intentionally or knowingly caused the death of his victims, according to appellant. Reading the charge and researching the relevant law discloses otherwise, and we overrule the issue.

Multiple counts were presented to the jury through the document. They consisted of capital murder, murder, manslaughter, and aggravated robbery. Via the application paragraph pertaining to capital murder, the trial court explained:

> Now, if you unanimously find from the evidence beyond a reasonable doubt that on or about the 26th day of November, 2016, in Bexar County, Texas, the defendant, Jade Guevara, either acting alone or together as a party with Carlos Hernandez, did intentionally or knowingly cause the death of an individual, namely, Charles Krone, by shooting Charles Krone with a deadly weapon, namely, a firearm, and Jade Guevara, either acting alone or together as a party with Carlos Hernandez, did intentionally or knowingly cause the death of another individual, namely, Roger Campos, by shooting Roger Campos with a deadly weapon, namely, a firearm, and both murders were committed during the same criminal transaction:
>
> Then you will find the defendant, Jade Guevara, guilty of the offense of capital murder as charged in Count 1 of the indictment.

As can be seen, nothing therein mentions "conspiracy," the substance of § 7.02(b)(2), or committing capital murder while conspiring to commit some other felony. Rather, the court informed the jury that it could convict appellant of capital murder only if it found he "intentionally or knowingly cause[d] the death" of Krone and Campos while "either acting alone or together as a party with Carlos Hernandez." In short, the trial court informed the

3

jury it had to find the evidence satisfied the requisite mens rea for capital murder before it could hold appellant guilty of that crime.

And, even if the application paragraph included both reference to culpability for capital murder as a party and through conspiracy per § 7.02(b), the instruction would have been proper. Including both theories of culpability in an application was approved long ago. *See Fuller v. State*, 827 S.W.2d 919, 932–33 (Tex. Crim. App. 1992) (en banc) (noting that "[t]he application paragraphs of the jury charge included language incorporating the above-mentioned party and conspirator culpability instructions" and holding that "[s]uch theories of culpability may be appropriately applied in a capital murder setting"); *Murkledove v. State*, 437 S.W.3d 17, 22–23 (Tex. App.—Fort Worth 2014, pet ref'd) (same); *Ramirez v. State*, No. 07-98-0277-CR, 2001 Tex. App. LEXIS 3909, at *2 (Tex. App.—Amarillo June 13, 2001, pet. ref'd) (mem. op., not designated for publication) (same).

Appellant also complains that the definition of intentionally and knowingly referred to both nature of conduct and result of conduct. Because capital murder is a result of conduct crime, the definition should have omitted reference to mens rea regarding nature of conduct, he continues. It is true that when the mens rea of a particular charge focuses on result of conduct, like murder, it is error to define intentional and knowing as they relate to both nature of conduct and result of conduct. *Cook v. State*, 884 S.W.2d 485, 490 (Tex. Crim. App. 1994) (quoting *Wallace v. State*, 763 S.W.2d 628, 629 (Tex. App.—San Antonio 1989, no pet.)). At bar, though, the jury instruction included a charge on aggravated robbery with a deadly weapon. Such encompasses elements pertaining to both nature and result of conduct. *Garza v. State*, 794 S.W.2d 497, 500-501 (Tex. App.—

4

Corpus Christi 1990, pet. ref'd). In those situations, it is not error to refer to both nature of conduct and result of conduct when defining the mental states of intentional and knowing. *Id.*; *Bosier v. State*, 771 S.W.2d 221, 225 (Tex. App. –Houston [1st Dist.] 1989, pet. ref'd); *accord, Wagner v. State*, No. 08-09-00021-CR, 2010 Tex. App. LEXIS 4087, at *14-16 (Tex. App.—El Paso May 28, 2010, pet. ref'd) (mem. op. not designated for publication) (holding that the full statutory definition of intentional and knowing may be submitted when the offense involves both nature of conduct and result of conduct elements).

The two judgments signed by the trial court and styled *State v. Jade Guevara*, No. 2020CR1579B, Count II and Count III respectively, and convicting appellant of murder, are vacated. The judgment entered in *State v. Jade Guevara*, No. 2020CR1579B, Count I is affirmed.


Brian Quinn
Chief Justice


Do not publish.