

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-12-00155-CR
### No. 10-12-00156-CR
### No. 10-12-00157-CR

**CONNER BENJAMIN POLEN,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

### From the 66th District Court
### Hill County, Texas
### Trial Court Nos. 37,113, 37,114, and 37,115

_____

## MEMORANDUM  OPINION
_____

The Court's memorandum opinion and judgments, dated October 3, 2013, are

withdrawn, and the memorandum opinion and judgments dated February 13, 2014, are

substituted therefor.  Appellant Conner Polen's motions for rehearing are dismissed as

moot.

In these three cases, Polen pleaded guilty without the benefit of a plea bargain to aggravated robbery, two counts of tampering with evidence, and possession of cocaine (over one gram but less than four grams), enhanced by being committed in a "drug-free zone" (a school). After a punishment hearing, the trial court sentenced Polen to twenty-five years on the aggravated robbery conviction (with a deadly-weapon finding) and to the maximum sentences of ten years on the remaining two convictions, with all three sentences to be served concurrently. No fines were assessed. Raising five issues, Polen appeals.

In his first issue, in Cause No. 10-12-00157-CR (Trial Court No. 37,115), Polen asserts that the evidence is insufficient to prove that he possessed cocaine in a drug-free zone—within 1,000 feet of a school, which enhanced the minimum sentence by five years—from two to seven years. The indictment alleged that the possession offense was committed "in or on or within 1,000 feet of the premises of a school, to-wit: Hill College." Polen signed a generic written stipulation that included that the "enhancement charges … are in fact true." Generally, a defendant's plea of "true" to an enhancement allegation relieves the State of its burden of proving that allegation and the defendant cannot challenge the sufficiency of the evidence, but an exception exists when "the record affirmatively reflects" that the enhancement is itself improper. *Ex parte Rich*, 194 S.W.3d 508, 513 (Tex. Crim. App. 2006).

We agree with the State's concession that the enhancement was improper and that the evidence is insufficient; Hill College is not a "school" for purposes of enhancing punishment for certain drug offenses committed within a statutorily defined drug-free

zone. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.134(a)(5) (West Supp. 2013) (defining "school" as "a private or public elementary or secondary school or a day-care center"); *id.* § 481.134(c)(1) (increasing the minimum sentence by five years if offense was committed within 1,000 feet of a school); *see also id.* § 481.134(a)(2) (defining "institution of higher education" to include a "junior college"). Accordingly, the enhanced seven-to-ten year punishment range considered by the trial court for this third-degree felony was incorrect; without enhancement, the correct punishment range was two to ten years. TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West 2010); TEX. PENAL CODE ANN. § 12.34(a) (West 2011).

Because Polen did not object to the incorrect punishment range and because the ten-year sentence was not an illegal sentence, we originally agreed with the State's contention that we should review the error for egregious harm. *See Jones v. State*, 300 S.W.3d 93, 100 (Tex. App.—Texarkana 2009, no pet.); *see also Cartwright v. State*, 833 S.W.2d 134, 137 (Tex. Crim. App. 1992). In his motion for rehearing, Polen, citing *Jordan v. State*, 256 S.W.3d 286 (Tex. Crim. App. 2008), argues that a harm analysis is not appropriate in cases where the evidence is insufficient to support an enhancement allegation; "such a deficiency will never be considered harmless." *Id.* at 292.

The State responds that *Jordan* involved punishment enhancement for habitual felony offenders under Penal Code section 12.42 and attempts to distinguish section 12.42 enhancement from drug-free zone enhancement, which is based on the location

where a drug offense is committed.[1]  But the rationale employed in *Jordan*—that there is no way to quantify the impact that an incorrectly enhanced sentencing range had on the normative sentencing function of the judge or jury (*id.* at 293)—equally applies to drug-free zone enhancement.  Any attempt to calculate how the trial court exercised its normative function in assessing Polen's cocaine possession sentence "would necessarily entail pure speculation."  *Id.; see Hernandez v. State,* 332 S.W.3d 664, 669 (Tex. App.—Texarkana 2010, no pet.) (op. on reh'g) ("we cannot assume that the trial court would assess the same punishment on the conviction of a third-degree felony as it would on the conviction of a first-degree felony").  Issue one in Cause No. 10-12-00157-CR (Trial Court No. 37,115) is sustained, and under *Jordan*, we must reverse and remand that cause to the trial court for a new punishment hearing.[2] *Jordan,* 256 S.W.3d at 293.

In issues two, three, and four, Polen asserts that his maximum sentences for tampering with evidence, possession of cocaine, and aggravated robbery constitute cruel and unusual punishment under the Eight Amendment, article I, section 13 of the Texas Constitution, and article 1.09 of the Code of Criminal Procedure because the sentences are grossly disproportionate to the offenses.[3]

---

[1] The State also cites *Ex parte Parrott*, 396 S.W.3d 531 (Tex. Crim. App. 2013) in suggesting the application of a harm analysis, but *Parrott*, a habeas proceeding, is inapplicable to this direct appeal because a habeas applicant must show harm.  *Id.* at 534; *id.* at 536 n.6 (distinguishing *Jordan* and direct appeals from habeas proceedings).

[2] Polen's brief does not assert that the punishment-range error in Cause No. 10-12-00157-CR (Trial Court No. 37,115) is also error in Cause No. 10-12-00155-CR (Trial Court No. 37,113) and Cause No. 10-12-00156-CR (Trial Court No. 37,114); nor does it request that they also be remanded for a new punishment hearing because of the punishment-range error in Cause No. 10-12-00157-CR (Trial Court No. 37,115).

[3] Generally, a sentence within the statutory range of punishment for an offense is not excessive, cruel, or unusual punishment.  *See Winchester v. State*, 246 S.W.3d 386, 389 (Tex. App.—Amarillo 2008, pet. ref'd);

A defendant must complain or object in the trial court about an allegedly disproportionate sentence to preserve his complaint for appeal. *Ham v. State*, 355 S.W.3d 819, 825 (Tex. App.—Amarillo 2011, pet. ref'd); *Gertz v. State*, No. 10-11-00008-CR, 2012 WL 3799146, at *2 (Tex. App.—Waco Aug. 30, 2012, no pet.) (mem. op., not designated for publication) (citing *Wynn v. State*, 219 S.W.3d 54, 61 (Tex. App.—Houston [1st Dist.] 2006, no pet.); and *Solis v. State*, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd)). Because Polen did not raise his complaint about his sentences in the trial court, issues two, three, and four are not preserved and are thus overruled. TEX. R. APP. P. 33.1.

Issue five asserts that the evidence is insufficient to prove that Polen had adequate financial resources to pay his court-appointed attorney's fees. In each judgment, the trial court ordered Polen to pay the fees for his court-appointed attorney in an amount to be determined later, although the trial court had found Polen to be indigent for trial and appeal.

The State concedes that the "TBDL" (to be determined later) assessment of attorney's fees was erroneous, and we agree; there was no evidence of a change in Polen's ability to pay the fees after he was found indigent. *See Watkins v. State*, 333 S.W.3d 771, 781-82 (Tex. App.—Waco 2010, pet. ref'd). In Cause No. 10-12-00155-CR (Trial Court No. 37,113) and Cause No. 10-12-00156-CR (Trial Court No. 37,114), we

---

*Alvarez v. State*, 63 S.W.3d 578, 580 (Tex. App.—Fort Worth 2001, no pet.). A narrow exception to this rule is recognized where a sentence is grossly disproportionate to the offense. *See Moore v. State*, 54 S.W.3d 529, 542 (Tex. App.—Fort Worth 2001, pet. ref'd); *see also Harmelin v. Michigan*, 501 U.S. 957, 1004-05, 111 S.Ct. 2680, 2707, 115 L.Ed.2d 836 (1991) (Kennedy, J., concurring); *Solem v. Helm*, 463 U.S. 277, 290-92, 103 S.Ct. 3001, 3010-11, 77 L.Ed.2d 637 (1983); *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992).

sustain issue five and modify the judgments by deleting the "TBDL" assessment of attorney's fees.[4]  Because we are otherwise remanding Cause No. 10-12-00157-CR (Trial Court No. 37,115), the trial court is directed to correct the erroneous assessment of attorney's fees on remand.

In conclusion, we affirm as modified the trial court's judgments in Cause No. 10-12-00155-CR (Trial Court No. 37,113) and Cause No. 10-12-00156-CR (Trial Court No. 37,114).  In Cause No. 10-12-00157-CR (Trial Court No. 37,115), we reverse the trial court's judgment and remand that cause to the trial court for a new punishment hearing and for the proper assessment of attorney's fees.


REX D. DAVIS
Justice


Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
No. 10-12-00155-CR affirmed as modified
No. 10-12-00156-CR affirmed as modified
No. 10-12-00157-CR reversed and remanded
Opinion delivered and filed February 13, 2014
Do not publish
[CRPM]

---

[4] In an apparent good-faith attempt to correct the erroneous assessment of attorney fees, the trial court, while this appeal was pending and after the trial court's plenary power had expired, made handwritten modifications to the judgments by crossing out "TBDL" and adding "-0-."  *See Vanhardenberg v. State*, No. 10-08-00054-CR, 2009 WL 3233043, at *1 (Tex. App.—Waco Oct. 7, 2009, no pet.) (mem. op., not designated for publication) (citing *McClinton v. State*, 121 S.W.3d 768, 769 n.1 (Tex. Crim. App. 2003) (Cochran, J., concurring)).  The trial court did not have jurisdiction to modify the judgments.