# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00223-CV

### In re The State of Texas ex rel. Jennifer A. Tharp

### ORIGINAL PROCEEDING FROM COMAL COUNTY

### M E M O R A N D U M   O P I N I O N

In this original proceeding, the State of Texas, through Jennifer A. Tharp, the Criminal District Attorney of Comal County, as Relator, seeks mandamus relief against the Respondent, the Honorable Charles Stephens, II, Judge of the County Court at Law #2 sitting as a juvenile court. It arises out of an ongoing jury trial in a delinquency proceeding against S.M., the Real Party in Interest, wherein S.M. is charged by petition with delinquent conduct by committing murder and manslaughter related to the death of L.D. *See* Tex. Penal Code §§ 19.02(b)(1), (2), (3), 19.04.[1] The State's petition relates to the charge that the juvenile court is preparing to submit to the

---

[1] Based on the record before us, the State charged S.M. with murder in four alternative pleading paragraphs, encompassing all three statutory murder theories contained in section 19.02(b) of the Penal Code, all based on the same conduct of S.M. "striking L.D. on the head with [S.M.'s] hand or fist:"

    (1)    intentionally or knowingly causing the death of L.D., *see* Tex. Penal Code § 19.02(b)(1);

    (2)    with intent to cause serious bodily injury to L.D., committing an act clearly dangerous to human life that caused the death of L.D., *see id.* § 19.02(b)(2);

    (3)    committing or attempting to commit an act clearly dangerous to human life that caused the death of L.D. while in the course of committing aggravated assault causing serious bodily injury, *see id.* § 19.02(b)(3); and

jury. Specifically, the State complains that the charge contains an improper lesser-included-offense instruction on assault. *See* Tex. Penal Code 22.01. We will deny the petition for writ of mandamus.

**DISCUSSION**

Juvenile cases, while classified as civil proceedings, are quasi-criminal in nature. *In re L.D.C.*, 400 S.W.3d 572, 574 (Tex. 2013); *In re M.A.F.*, 966 S.W.2d 448, 450 (Tex. 1998). The Texas Supreme Court has concluded that it is "unwise and problematic" to apply different standards in adult, criminal proceedings and another distinct standard in juvenile cases. *See In re C.O.S.*, 988 S.W.2d 760, 765 (Tex. 1999). In light of that cautionary warning, we will follow the criminal mandamus standard to determine whether the State is entitled to mandamus relief here.

To be entitled to mandamus relief in a criminal case, the relator must show that: (1) he has no adequate remedy at law to redress the harm that he alleges will ensue, and (2) what he seeks to compel is a ministerial act. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding); *see Simon v. Levario*, 306 S.W.3d 318, 320 (Tex. Crim. App. 2009) (orig. proceeding) (mandamus appropriate in criminal proceeding when relator establishes "that he has no adequate remedy at law to redress the harm that he alleges will ensue" and "that the act he seeks to compel or prohibit does not involve a discretionary or judicial decision."). With respect to

---

(4)     committing or attempting to commit an act clearly dangerous to human life that caused the death of L.D. while in the course of committing aggravated assault with a deadly weapon, *see id.* § 19.02(b)(3).

In an additional paragraph, the State charged S.M. with the lesser-included offense of manslaughter (recklessly causing L.D.'s death) based on the same conduct. *See id.* § 19.04. All of these theories have been incorporated into the juvenile court's proposed charge.

the ministerial-act requirement, the relator must show a clear right to the relief sought. *In re State ex rel. Tharp*, 393 S.W.3d 751, 754 (Tex. Crim. App. 2012). A clear right to relief is shown when the facts and circumstances dictate but one rational decision "under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *In re State ex rel. Weeks*, 391 S.W.3d at 122; *In re State ex rel. Tharp*, 393 S.W.3d at 754.

There is no real conflict in this case as to whether the State has an adequate remedy at law; it does not. No one disputes that the State cannot appeal directly the alleged juvenile court error and thus has no adequate remedy at law. *See* Tex. Fam. Code § 56.03 (setting forth State's limited right to appeal certain juvenile court orders in cases of offenses eligible for determinate sentence). The dispute focuses on whether, under the facts and circumstances of this case, the juvenile court has a ministerial duty to remove the lesser-included-offense instruction from the jury charge.

Because juvenile cases are quasi-criminal, precedent from analogous adult criminal proceedings may be instructive, and is often applied, in a juvenile delinquency proceeding. *See In re C.O.S.*, 988 S.W.2d at 767; *Ex parte J.L.R.*, No. 05-12-01289-CV, 2013 WL 4041554, at *2 (Tex. App.—Dallas Aug. 9, 2013, no pet.); *In re I.L.*, 389 S.W.3d 445, 452 (Tex. App.—El Paso 2012, no pet.). Accordingly, the State—and the dissent—rely on a case from the Court of Criminal Appeals, *In re State ex rel. Weeks*, to support the contention that this Court should exercise its mandamus authority to intervene in an ongoing criminal jury trial to correct alleged jury charge error.

In *Weeks*, a capital murder case, the State sought mandamus relief because (1) the trial judge refused to submit a law-of-parties instruction in the court's charge, *see* Tex. Penal Code § 7.02(a)(2); and (2) the trial judge overruled the State's objection to the charge's application paragraph for party conspiracy, *see id.* § 7.02(b), which required the State to prove that the defendant anticipated the specific manner and means by which his co-conspirator killed the victim. *See In re State ex rel. Weeks*, 392 S.W.3d 280, 282 (Tex. App.—Waco 2012), *mandamus conditionally granted*, 391 S.W.3d 117 (Tex. Crim. App. 2013). The Court of Criminal Appeals determined that: (1) the trial court's failure to submit the parties instruction improperly restricted the State's theory of liability of the charged offense, and (2) that submitting the conspiracy theory with the manner-and-means restriction erroneously increased the State's burden of proof. *In re State ex rel. Weeks*, 391 S.W.3d at 124–126.

We do not agree that *Weeks* stands for the categorical proposition that mandamus is available to remedy potential jury charge error before it occurs. A reading of the Court of Criminal Appeals' discussion in context demonstrates that the trial court's errors in *Weeks* did not merely result in an erroneous jury charge but effectively deprived the State of its right to prosecute the charged offense. As the court observed, "the State is entitled to pursue the charged offense and, therefore, is entitled to receive a response from the jury on whether the defendant is guilty of the charged offense." *In re State ex rel. Weeks*, 391 S.W.3d at 123 (quoting *Grey v. State*, 298 S.W.3d 644, 649–50 (Tex. Crim. App. 2009)). The court explained that in a criminal prosecution, the State's charging choices—and consequent liability theories—become part of the law applicable to the case, and affirmed the trial court's duty to give the jury a written charge "setting

4

forth the law applicable to the case." *Id.* (citing Tex. Code Crim. Proc. art. 36.14). The harm that the State sought to redress via mandamus in *Weeks* was not simply jury charge error. The State sought to preserve its power to choose what offense to pursue and the right to proceed with the prosecution it had initiated. Based on the analysis in *Weeks*, the State had a clear right to the relief sought because the trial judge lacked the authority to submit a jury charge precluding the State from pursuing the charged offense.[2] Mandamus relief was warranted not merely because the trial court erred in the jury charge to the detriment of the State, but because that jury charge error effectively deprived the State of its right to prosecute. To construe *Weeks* any other way could mean that ordinary trial error detrimental to the State (or perceived to be detrimental) would automatically entitle the State to seek mandamus relief. This would transform mandamus relief from an

---

[2] We note that the Court of Criminal Appeals' granting of mandamus relief in *Weeks* is consistent with the court's practice of exercising its mandamus jurisdiction in situations where the trial court error impedes or deprives the State of its right to prosecute as it chooses. *See In re State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 919 (Tex. Crim. App. 2011) (State had clear right to mandamus relief because trial court "act[ed] beyond the scope of [its] lawful authority" in conducting pretrial hearing to determine whether capital sentencing statute, particularly allowing the State to seek the death penalty, could operate in constitutional manner as applied to capital defendant in that case); *In re State ex rel. Watkins v. Creuzot*, 352 S.W.3d 493, 506 (Tex. Crim. App. 2011) (Court of Criminal Appeals found that trial court "acted beyond the scope of [its] lawful authority" because there is no basis under Texas law to conduct pretrial evidentiary hearing to determine adequacy of mitigation case in capital-murder proceeding; thus trial judge did not have legal authority to conduct such hearing, make declaratory judgment, or issue order precluding State from seeking death penalty). We also note that limiting mandamus relief to these situations is consistent with the legislature's restriction on the State's right to appeal, which is limited to trial court rulings that significantly impact or adversely affect the State's ability to proceed with its criminal prosecution. *See* Tex. Code Crim. Proc. art. 44.01 (setting forth limited circumstances under which State may appeal trial court's ruling); Tex. Fam. Code § 56.03 (setting forth State's limited right to appeal certain juvenile court orders in cases of offenses eligible for determinate sentence).

"extraordinary remedy"[3] to an ordinary remedy available to the State during the course of any jury trial, contrary to the Legislature's clear intent to limit the State's right to higher court review of trial court error. *See* Tex. Code Crim. Proc. art. 44.01 (setting forth limited circumstances under which State may appeal trial court's ruling); Tex. Fam. Code § 56.03 (setting forth State's limited right to appeal certain juvenile court orders in cases of offenses eligible for determinate sentence).

In the present case, the alleged jury charge error, if it is error, does not affect the State's power to choose what offense to pursue or impede the State's prosecution of the charged offenses in any way. All of the State's alleged alternative murder theories, as well as the State's manslaughter theory, are being presented to the jury for consideration in the jury charge. The juvenile court's instruction on the lesser-included offense does not limit the State's liability theories or increase the State's burden of proof on any of the charged offenses. In short, this is not the sort of situation *Weeks* addressed.

Instead, the situation here amounts to the attempted use of a petition for writ of mandamus to achieve the effect of an interlocutory appeal to correct perceived jury charge error. In this regard, the cautionary note of the dissent in *Weeks* is apt: "Granting mandamus relief under these circumstances only serves to encourage prosecutors to seek what amounts to an interlocutory appeal whenever a trial court's ruling during the course of a trial displeases them. Interlocutory appeals are generally disfavored; interlocutory appeals that allow the State to circumvent the

---

[3] "[M]andamus is an 'extraordinary remedy, not issued as a matter of right, but at the discretion of the court.'" *In re Reece*, 341 S.W.3d 360, 374 (Tex. 2011) (quoting *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding)); *see De Leon v. Aguilar*, 127 S.W.3d 1, 6 (Tex. Crim. App. 2004) (orig. proceeding).

legislative will with respect to what judicial rulings the State should be able to challenge at all on appeal are all the more objectionable." *In re State ex rel. Weeks*, 391 S.W.3d at 130 (Price, J. dissenting) (internal footnotes omitted).  Further, such attempt by the State puts this Court in the untenable position of conducting what amounts to a legal-sufficiency review of the evidence regarding causation without the benefit of a conventional record of all the evidence admitted at trial—and when the State would be statutorily precluded from obtaining such review on direct appeal.

## CONCLUSION

We cannot conclude, on the limited record available in this mandamus proceeding, that the juvenile court's inclusion of the lesser-included-offense instruction in the jury

charge—assuming it would be error—warrants mandamus relief.[4] Accordingly, the State's petition

---

[4] We note that "[i]t is possible, under the right set of circumstances, for the statutory elements of assault to be included within a murder because the two offenses could have the same culpable mental state and bodily injury can be a subset of serious bodily injury." *Hayward v. State*, 158 S.W.3d 476, 479 (Tex. Crim. App. 2005). Depending on how the case is charged, "[h]itting with fists could be a lesser-included offense of murder." *See id.* In this case, in two of the alternative murder theories alleged, the State charged appellant with felony murder. *See* Tex. Penal Code § 19.02(b)(3); *Threadgill v. State*, 146 S.W.3d 654, 665 (Tex. Crim. App. 2004) ("Felony murder is an unintentional murder committed in the course of committing a felony."). In the first felony murder pleading, the underlying felony alleged is aggravated assault causing serious bodily injury. *See* Tex. Penal Code § 22.02(a)(1) (providing that person commits offense of aggravated assault if "the person commits assault as defined in § 22.01 and the person causes serious bodily injury."). In the second felony murder pleading, the underlying felony alleged is aggravated assault with a deadly weapon. *See* Tex. Penal Code § 22.02(a)(2) (providing that person commits offense of aggravated assault if "the person commits assault as defined in § 22.01 and the person uses or exhibits a deadly weapon during the commission of the assault."). Under this second felony murder theory, the relevant key elements of the murder offense include that, with the requisite culpable mental state, appellant: (1) committed an assault, (2) used a deadly weapon during the assault, (3) committed or attempted to commit an act clearly dangerous to human life, (4) which caused the death of the victim.

An act clearly dangerous to human life is one that objectively creates a substantial risk of death. *Depauw v. State*, 658 S.W.2d 628, 634 (Tex. App.—Amarillo 1983, pet. ref'd); *see Lugo-Lugo v. State*, 650 S.W.2d 72, 81–82 (Tex. Crim. App. 1983) (in analyzing meaning of "act clearly dangerous to human life" as used in murder statute, court concluded that act committed by defendant must objectively create substantial risk of death). Thus, we do not consider whether the defendant subjectively knew that his acts were clearly dangerous to human life; rather, we focus on whether the acts themselves were objectively clearly dangerous to human life. *Rogers v. State*, No. 05-92-00507-CR, 1994 WL 121055, at *3 (Tex. App.—Dallas Apr. 4, 1994, no pet.) (not designated for publication); *see also Buchanan v. State*, No. 08-06-00203-CR, 2008 WL 3585900, at *2 (Tex. App.—El Paso Aug. 14, 2008, no pet.) (not designated for publication); *Compton v. State*, No. 02-06-281-CR, 2007 WL 4462575, at *6 (Tex. App.—Fort Worth Dec. 20, 2007, no pet.) (mem. op., not designated for publication). A "deadly weapon" is defined as anything that in the manner of its use or intended use is capable of causing death or serious bodily injury. Tex. Penal Code § 1.07(a)(17)(B); *see McCain v. State*, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000) ("[A]n object is a deadly weapon if the actor intends a use of the object in which it would be capable of causing death or serious bodily injury."); *see also Drichas v. State*, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005) ("Capability is evaluated based on the circumstances that existed at the time of the offense."). "Objects that are not usually considered dangerous weapons may become so, depending on the manner in which they are used during the commission of an offense." *Hernandez v. State*, 332 S.W.3d 664, 667 (Tex. App.—Texarkana 2010, no pet.) (citing *Thomas v. State*, 821 S.W.2d 616,

for writ of mandamus is denied.



Cindy Olson Bourland, Justice

Before Justices Puryear, Pemberton, and Bourland;
    Dissenting Opinion by Justice Puryear

Filed:  April 24, 2015

---

620 (Tex. Crim. App. 1991)).

      Thus, in this case, if, based on the evidence, the jury could conclude that:  (1) punching someone in the face twice is not an act that is inherently dangerous to human life, i.e, it is not an act that objectively creates a substantial risk of death; and (2) as appellant used his fist in this case, it does not constitute a deadly weapon, two elements of the greater offense of felony murder would be negated—the commission of an act clearly dangerous to human life (negating murder) and the use of a deadly weapon (negating the underlying felony of aggravated assault with a deadly weapon)—leaving only the lesser offense of assault. Under those particular facts and circumstances, including how the murder offense was charged, the juvenile court's decision to submit an instruction on the lesser-included offense of assault would not necessarily be erroneous.

9